UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEBORAH JONES, an individual,

        Plaintiff,

vs.

Case No.: 3:15-cv-01410-J-34JRK

THE CITY OF JACKSONVILLE, a municipal
corporation in the State of Florida; THE
JACKSONVILLE SHERIFF'S OFFICE; and
MICHAEL WILLIAMS, in his official capacity
as Sheriff of the Consolidated City of Jacksonville
and Duval County, Florida,

        Defendants.    /

## AMENDED COMPLAINT FOR RELIEF AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, DEBORAH JONES, by and through the undersigned attorneys of record and files this Complaint for Relief and Demand for Jury Trial against THE CITY OF JACKSONVILLE ("COJ,") THE JACKSONVILLE SHERIFF'S OFFICE ("JSO,") and MICHAEL WILLIAMS ("Williams,) in his official capacity as Sheriff of the Consolidated City of Jacksonville and Duval County, Florida (collectively "Defendants,") and in support thereof states the following:

1.     This is an action under the Age Discrimination in Employment Act ("ADEA,") 29 U.S.C. § 621, et. seq., Title VII of the Civil Rights Act of 1964 ("Title VII,"), the Florida Civil Rights Act ("FCRA,") § 760.01, et. seq., Fla. Stat., for the recoupment of unpaid wages owed to Plaintiff, to correct unlawful employment practices, and to make whole Deborah Jones.

## JURISDICTION AND VENUE

2. This is an action for damages in excess of $15,000.00.

3. At all times material, Defendants were located and conducting operations in Duval County, Florida.

4. The employment practices hereafter alleged to be unlawful took place in Duval County, Florida.

5. At all times material to this Complaint, Plaintiff maintained her residence in Duval County.

6. This Court has concurrent jurisdiction to address the federal claims, pursuant to the applicable federal statutes.

7. Venue is therefore proper.

## PARTIES

8. Plaintiff Deborah Jones was born on December 8, 1952.

9. Plaintiff is protected from age discrimination by both the Age Discrimination in Employment Act and the Florida Civil Rights Act's age discrimination prohibition.

10. Defendants are employers as that term is defined in 29 U.S.C. §203 and §760.20, Florida Statutes.

11. At all relevant times, Defendants have been continuously engaged in an enterprise affecting commerce as defined by 29 U.S.C. §203.

## SATISFACTION OF ADMINISTRATIVE PREREQUISITES

12. All conditions precedent to bringing this action have been satisfied.

13. Plaintiff timely filed a charge of discrimination with the Equal Employment

Opportunity Commission (EEOC), in which she alleged violations of the applicable state and federal statutes. Such filing satisfied her filing requirement with the Florida Commission on Human Relations (FCHR), under the applicable work-sharing agreement between the two agencies. A copy of the charge is attached as Exhibit "A".

14. A notification of Right to Sue was received from the EEOC and a copy is attached as Exhibit "B". This Complaint has been filed within ninety (90) days of receipt thereof.

15. More than 180 days have passed since the filing of Plaintiff's charge of discrimination with the appropriate administrative agency, and therefore she has satisfied the administrative requirements for pursuing a claim under the Florida Civil Rights Act.

16. Defendants each qualify as an employer as defined by the laws under which this action is brought and the Defendants individually and collectively employ the required number of employees.

## STATEMENT OF FACTS

17. Plaintiff was hired by Defendants in June 2013.

18. Plaintiff is a Physician Assistant and was hired by Defendants to serve in the mental health division of the medical unit of Defendants' pre-trial detention facility.

19. Plaintiff reported to Dr. Tan Cao during her employment with Defendants.

20. During her term of employment with Defendants, Dr. Tan Cao harassed, belittled, and intimidated Ms. Jones based on her gender and age.

21. Dr. Cao regularly yelled at, demeaned, belittled and bullied Ms. Jones in the presence of nurses, counselors, and other support staff employed by Defendant.

22. Dr. Cao was responsible for training Ms. Jones and was overtly and unnecessarily

3

rude, impatient, and critical of Ms. Jones' ideas, observations, and actions.

23. Dr. Cao regularly questioned Ms. Jones' intellect in front of others in a manner that implied Ms. Jones was stupid. On other occasions Dr. Cao was openly dismissive of Ms. Jones' concerns, refusing to answer questions and simply stating, "you should already know" or "I'm too busy." Dr. Cao treated Ms. Jones differently than he treated other employees, and such differential treatment was based on Ms. Jones' age and gender.

24. In October 2013, Dr. Cao referred to Ms. Jones as an "old, demented, worthless, whore," because of the fact that Ms. Jones is a divorced, older woman.

25. In October 2013, Ms. Jones complained about Dr. Cao's conduct to the Chief of the medical unit, Alvaro Diaz.

26. As a result of Ms. Jones' complaint, Chief Diaz met with Ms. Jones and Dr. Cao.

27. In response to Ms. Jones' October 2013 complaint, Dr. Cao never denied any of the statements alleged by Ms. Jones. In the meeting with Jones and Cao, Chief Diaz stated "Chief Diaz would like PA Jones to make efforts to make this work" and Chief Diaz further stated that "Dr. Cao is essential to us."

28. Defendants refused to take any disciplinary or corrective action against Dr. Cao, and instead chastised Ms. Jones to work more cooperatively with Dr. Cao.

29. After the initial complaint to Chief Diaz, Dr. Cao's harassing conduct continued.

30. In February 2014 another staff member mentioned to Ms. Jones in Dr. Cao's presence that she should be careful due to reports of inmates hanging around in the dark parking lot. In response to this warning, Dr. Cao retorted to Ms. Jones, "No need to worry; they don't rape old ugly women!"

31. Ms. Jones again complained about Dr. Cao's conduct to Mr. Diaz.

32. After the complaint, and before ever addressing Dr. Cao's conduct, the public records notes maintained by the Defendants reveal that Chief Diaz questioned whether Ms. Jones could remain employed by the Defendants following her complaint.

33. Upon meeting with Ms. Jones, and before ever questioning Dr. Cao regarding his statements, Chief Diaz advised Ms. Jones that Dr. Cao's statements regarding rape were just "a joke," and were not directed toward Ms. Jones. The Defendant's public records documents regarding the meeting state:

> Chief Diaz stated that he would address her concerns with Dr. Cao. The comment about rape was not directed to you and it seemed to be a joke, but it is still not acceptable and [the] agency. Chief Diaz also stated that PA Jones['] role was to work with him and "be his right hand", so he is asking her to adapt. Chief Diaz would like for PA Jones to focus on the job and the patients. Do not spend time worrying about other things, such as comments, gossip, looks, [et cetera].

34. At the February meeting with Ms. Jones, Chief Diaz suspended her for a week, telling her "This is not constructive for [the] agency, you, or anyone."

35. Following his suspension of Ms. Jones, Chief Diaz met with Dr. Cao. At that meeting Chief Diaz stated that PA Jones was too sensitive and becomes defensive about comments. He stated to Cao that Ms. Jones had "an issue" with him, and that "there are rules about a governmental environment." Chief Diaz warned Dr. Cao that "he has to be careful with what is said," and suggested that Dr. Cao "may have crossed the line."

36. The public records documents maintained by the Defendants reveal that Chief Diaz urged Dr. Cao to reconsider his previous offer to resign his employment, and directed Dr. Cao to document any performance concerns he may have had with Ms. Jones. The notes contain

5

an admission that Dr. Cao had created civil liability for the Defendants, stating:

> Chief Diaz stated that Dr. Cao should be careful as he may expose the agency to litigation. He continued by stating the employee has enough material for a lawsuit. An investigation may be faced and the [Sheriff] doesn't want his name in the news like that.

37. Since April 2014, Defendants have not returned Ms. Jones to employment and she has been effectively terminated. Defendants have issued no formal termination action, but have simply refused to schedule Ms. Jones for any hours of work. While Defendants have failed to formally terminate Ms. Jones, Chief Diaz wrote an April 2014 memorandum, claiming that he had discovered an incident in which Ms. Jones had allegedly violated applicable procedures.

38. In his April memorandum, Chief Diaz urged the Defendants to terminate Ms. Jones, claiming that she had been previously disciplined, citing the February suspension that was issued in retaliation for Ms. Jones' reporting the conduct of Dr. Cao.

39. By placing Ms. Jones in a state of "limbo" regarding her employment, rather than addressing Chief Diaz' request for termination, Defendants acknowledged the pretextual nature of Chief Diaz' efforts to support the discriminatory and retaliatory termination of Ms. Jones' employment.

40. Ms. Jones's was terminated as a result of the age and gender discrimination and harassment described above, as well as retaliation for reporting such discrimination.

**COUNT I- AGE DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT**

41. Plaintiff reincorporates paragraphs 1 through 40 as fully as if realleged herein.

42. Defendants discriminated against Plaintiff by creating a hostile working

environment, based on age, which effectively altered the terms and conditions of employment by instituting intolerable working conditions.

43. Defendants discriminated against Plaintiff by placing her on unpaid leave and refusing to return her to employment, effectively discharging her, because of her age.

44. In discriminating against Plaintiff on the basis of age, Defendants acted with malice or reckless disregard for Plaintiff's protected rights.

45. As a direct and proximate result of Defendants' violation of the Age Discrimination in Employment Act, Plaintiff has suffered lost wages and benefits, severe emotional distress, emotional pain, suffering, inconvenience, mental anguish and non-pecuniary losses.

WHEREFORE, Plaintiff respectfully requests a jury trial on all issues and relief as follows:

    a. Compensation for all compensatory damages allowed by law, including pain, suffering, and emotional distress;

    b. Reinstatement or payment for future lost wages and damages;

    c. An award of reasonable attorney's fees and costs;

    d. Pre and post judgment interest; and

    e. Such other additional equitable and legal relief as may be just and proper.

**COUNT II- AGE AND SEX DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT**

46. Plaintiff reincorporates paragraphs 1 through 40 as fully as if realleged herein.

47. Defendants discriminated against Plaintiff by creating a hostile working

environment, based on age and gender, which effectively altered the terms and conditions of employment by instituting intolerable working conditions.

48. Defendants discriminated against Plaintiff by suspending her from employment and refusing to return her to employment, effectively discharging her, because of her age and sex.

49. In discriminating against Plaintiff on the basis of age and sex, Defendants acted with malice or reckless disregard for Plaintiff's protected rights.

50. As a direct and proximate result of Defendants' violation of the Florida Civil Rights Act, Plaintiff has suffered lost wages and benefits, severe emotional distress, emotional pain, suffering, inconvenience, mental anguish and non-pecuniary losses.

WHEREFORE, Plaintiff respectfully requests a jury trial on all issues and relief as follows:

    a. Compensation for all compensatory damages allowed by law, including pain, suffering, and emotional distress;

    b. Reinstatement or payment for future lost wages and damages;

    c. An award of reasonable attorney's fees and costs;

    d. Pre and post judgment interest; and

    e. Such other additional equitable and legal relief as may be just and proper.

**COUNT III- SEX DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT**

51. Plaintiff reincorporates paragraphs 1 through 40 as fully as if realleged herein.

52. Defendants discriminated against Plaintiff by creating a hostile working environment, based on gender, which effectively altered the terms and conditions of employment

by instituting intolerable working conditions.

53. Defendants discriminated against Plaintiff by placing her on unpaid leave and refusing to return her to employment, effectively discharging her, because of her sex.

54. In discriminating against Plaintiff on the basis of age and sex, Defendants acted with malice or reckless disregard for Plaintiff's protected rights.

55. As a direct and proximate result of Defendants' violation of Title VII of the Civil Rights Act, Plaintiff has suffered lost wages and benefits, severe emotional distress, emotional pain, suffering, inconvenience, mental anguish and non-pecuniary losses.

WHEREFORE, Plaintiff respectfully requests a jury trial on all issues and relief as follows:

    a. Compensation for all compensatory damages allowed by law, including pain, suffering, and emotional distress;

    b. Reinstatement or payment for future lost wages and damages;

    c. An award of reasonable attorney's fees and costs;

    d. Pre and post judgment interest; and

    e. Such other additional equitable and legal relief as may be just and proper.

**COUNT IV- RETALIATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT**

56. Plaintiff reincorporates paragraphs 1 through 40 as fully as if realleged herein.

57. Defendants retaliated against Plaintiff by placing her on unpaid leave and refusing to return her to employment, effectively discharging her, because of the complaints she made regarding Dr. Cao's age discriminatory behavior against her.

58. In retaliating against Plaintiff, Defendants acted with malice or reckless disregard for the Plaintiff's protected rights.

59. As a direct and proximate result of Defendants' retaliation under the Age Discrimination in Employment Act, Plaintiff has suffered lost wages and benefits, severe emotional distress, emotional pain, suffering, inconvenience, mental anguish and non-pecuniary losses.

WHEREFORE, Plaintiff respectfully requests a jury trial on all issues and relief as follows:

    a. Compensation for all compensatory damages allowed by law, including pain, suffering, and emotional distress;

    b. Reinstatement or payment for future lost wages and damages;

    c. An award of reasonable attorney's fees and costs;

    d. Pre and post judgment interest; and

    e. Such other additional equitable and legal relief as may be just and proper.

**COUNT V- RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT**

60. Plaintiff reincorporates paragraphs 1 through 40 as fully as if realleged herein.

61. Defendants retaliated against Plaintiff by placing her on unpaid leave and refusing to return her to employment, effectively discharging her, because of the complaints she made regarding Dr. Cao's gender based discriminatory behavior against her.

62. In retaliating against Plaintiff, Defendants acted with malice or reckless disregard for Plaintiff's protected rights.

63. As a direct and proximate result of Defendants' retaliation under Title VII,

Plaintiff has suffered lost wages and benefits, severe emotional distress, emotional pain, suffering, inconvenience, mental anguish and non-pecuniary losses.

WHEREFORE, Plaintiff respectfully requests a jury trial on all issues and relief as follows:

    a.    Compensation for all compensatory damages allowed by law, including pain, suffering, emotional distress and mental anguish;

    b.    Reinstatement or payment for future lost wages and damages;

    c.    An award of reasonable attorney's fees and costs;

    d.    Pre and post judgment interest; and

    e.    Such other additional equitable and legal relief as may be just and proper.

**COUNT VI- RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT**

64. Plaintiff reincorporates paragraphs 1 through 40 as fully as if realleged herein.

65. Defendants retaliated against Plaintiff by placing her on unpaid leave and refusing to return her to employment, effectively discharging her, because of the complaints she made regarding Dr. Cao's age and gender-based discriminatory behavior against her.

66. As a direct and proximate result of Defendants' violation of the Florida Civil Rights Act, Plaintiff has suffered lost wages and benefits, severe emotional distress, emotional pain, suffering, inconvenience, mental anguish and non-pecuniary losses.

WHEREFORE, Plaintiff respectfully requests a jury trial on all issues and relief as follows:

    a.    Compensation for all compensatory damages allowed by law, including pain, suffering, and emotional distress;

     b.        Reinstatement or payment for future lost wages and damages;

     c.        An award of reasonable attorney's fees and costs;

     d.        Pre and post judgment interest; and

     e.        Such other additional equitable and legal relief as may be just and proper.

## COUNT VII- UNPAID WAGES OWED TO PLAINTIFF

67. Plaintiff reincorporates paragraphs 1 through 29 as fully as if realleged herein.

68. While employed by Defendants, Plaintiff was regularly scheduled to work eight hours per day, three days per week.

69. Plaintiff regularly worked in excess of eight hours per day on the days she was scheduled to work.

70. Plaintiff was not paid for the hours she worked in excess of eight hours on the days she was scheduled to work.

WHEREFORE, Plaintiff requests compensation for all hours she worked for Defendants for which she was not compensated, attorneys' fees pursuant to § 448.08, Fla. Stat., and any other relief this Court deems just and proper.

Respectfully submitted this 1st day of March, 2016.

                                          DELEGAL LAW OFFICES, P.A.

                                          /s/ T.A. "Tad" Delegal, III
                                          T.A. Delegal, III, B.C.S.
                                          Florida Bar No.: 892701
                                          Email: tad@delegal.net
                                          Secondary: office@delegal.net
                                          James C. Poindexter
                                          Florida Bar No.: 0116039
                                          Email: james@delegal.net
                                          Delegal Law Offices, P.A.

424 East Monroe Street  
Jacksonville, Florida 32202  
Telephone (904) 633-5000  
Facsimile (904) 358-2850  
Attorneys for Plaintiff

and

/s/ James L. D'Andrea
James L. D'Andrea
FL Bar No. 932401
jdandrea@miltonleach.com
Secondary Email Address:
maguilar@miltonleach.com 3127
Atlantic Boulevard
Jacksonville, Florida 32207
(904) 346-3800 – Telephone
(904) 346-3692 – Facsimile

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of March, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which sent a copy of the foregoing as noted:

WILLIAM W. DEEM
ASSISTANT GENERAL COUNSEL
Email: Wdeem@coj.net

WENDY E. BYNDLOSS
ASSISTANT GENERAL COUNSEL
Email: Wbyndloss@coj.net

    /s/ Tad Delegal
T.A. "Tad" Delegal, III